UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC PIERRE ALEXANDER,

    Plaintiff,

v.                                           Case No. 8:24-cv-1616-TPB-TGW

RITA TEDIO,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court on Plaintiff Dominic Pierre Alexander's complaint, filed on July 8, 2024. (Doc. 1). After review of the complaint, court file, and record, the Court finds as follows:

Alexander's complaint is incomprehensible and replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement."[1] *See Sealey v. Branch Banking and Trust Co.*, No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). The arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7,

---

[1] Alexander seeks $2,500,000.00 against Defendant Rita Tedio, either an employee of the Environmental Protection Agency or an employee of the United States Postal Service, for mostly unspecified conduct.

2016)). This case is patently frivolous and due to be dismissed, without leave to amend.

## VEXATIOUS LITIGANT

Less than one month ago, on June 13, 2024, the Court dismissed a frivolous lawsuit filed by Alexander. *See Alexander v. Marceno,* No. 8:24-cv-1406-TPB-SPF, Doc. 3 (M.D. Fla. June 13, 2024). In its dismissal order, the Court specifically warned Alexander about his conduct and that he may be subject to sanctions, including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Alexander without first obtaining prior leave of the Court. Apparently, he does not care and continues to file frivolous lawsuits.

The Court notes that since May 2024, Alexander has filed at least *twelve cases* in the Middle District of Florida, including the instant case. *See Alexander v. Wells Fargo Bank*, No. 24-cv-1200-WFJ-TGW (M.D. Fla.) (seeking $148,000 in damages after Wells Fargo denied request for $100,000 personal loan based on lack of credit history and debt-income ratio); *Alexander v. United States Postal Regulatory Commission*, No. 24-cv-1291-WFJ-NHA (M.D. Fla.) (seeking $40,013.80 in damages after postal service declined to honor $40,013.80 refund request); *Alexander v. Vickers*, No. 24-cv-1326-KKM-TGW (M.D. Fla.) (suing United States marshal for over $3,000,000 after marshal denied him access to Middle District of Florida courthouse when Alexander attempted to use self-created unauthorized identification to enter building); *Alexander v. Barclay's Bank Delaware*, No. 24-cv-1346-MSS-UAM (M.D. Fla.) (suing Barclay's for over

$10,000,000 after denial of Mastercard black credit card application based on too few accounts with sufficient satisfactory performance and debt-income ratio); *Alexander v. PNC Bank*, No. 24-cv-1347-MSS-CPT (M.D. Fla.) (suing PNC Bank for $148,000 for denial of $100,000 personal loan based on insufficient credit history); *Alexander v. Total Mortgage Services*, No. 24-cv-1348-MSS-AAS (M.D. Fla.) (suing Total Mortgage Services for $3,696,000 for after denial of mortgage application based on unacceptable credit references, inability to verify employment, and insufficient income related to the amount of credit requested); *Alexander v. Wells*, No. 24-cv-1405-KKM-AEP (M.D. Fla.) (suing Sheriff of Manatee County for $500,000,000 based on unspecified conduct; attempted filing $500,000,000 UCC lien against Sheriff); *Alexander v. Marceno*, No. 24-cv-1406-TPB-SPF (M.D. Fla.) (suing deputy for $500,000,000 based on unspecified conduct possibility related to county traffic case); *Alexander v. Tedio*, No. 8:24-cv-1616-TPB-TGW (M.D. Fla.) (seeking $2,500,000 against employee of EPA or Postal Service for unspecified conduct); *Alexander v. United States Post Office*, No. 8:24-cv-1617-SDM-AEP (M.D. Fla.) (seeking damages of $39,013.80 after postal service declined to honor $39,013.80 refund request); *Alexander v. Environmental Protection Agency*, No. 24-cv-1634-KKM-AEP (M.D. Fla.) (suing Environmental Protection Agency and individual employee for unspecific conduct, possibly involving failure to recognize self-created unauthorized identification); *Alexander v. Environmental Protection Agency*, No. 8:24-cv-1635-KKM-TGW (M.D. Fla.) (suing Environmental Protection Agency and individual employee for unspecific

conduct, possibly involving failure to recognize self-created unauthorized identification).

Based on Alexander's conduct, the Court entered a vexatious litigant order against him on July 15, 2024. *See Alexander v. Gallen*, No. 24-cv-1592-TPB-UAM (M.D. Fla.), at Doc. 3. Going forward, Alexander will not be able to file any lawsuits without the prior authorization of the senior magistrate judge.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff Dominic Pierre Alexander's complaint (Doc. 1) is **DISMISSED**, without leave to amend.

2. The Clerk of Court is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 17th day of July, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE